IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:20-CR-3042 |
| vs. | MEMORANDUM AND ORDER |
| CARLOS JESUS LORENZANA, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 72) filed by the defendant, Carlos Jesus Lorenzana. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily

dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

But the initial question is whether the defendant's motion was timely filed.[1] A § 2255 motion must be filed, as relevant here, within 1 year of the date on which the judgment of conviction becomes final. § 2255(f)(1). In this case, the judgment was entered on July 21, 2021, and no notice of appeal was filed. *See* filing 53. So, the judgment became final on August 5, 2021, after the time for appeal ran. *See* Fed. R. App. P. 4(b)(1)(A)(i); *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 (8th Cir. 2008). Accordingly, the statute of limitations ran on August 8, 2022. *See* Fed. R. App. P. 4(b)(1)(A)(i) and 26(a)(1)(C). But that wasn't necessarily the defendant's last chance, because an amended judgment was entered on December 8, 2022. *See* filing 65; *cf. Lee v. United States*, 149 F.4th 981 (8th Cir. 2025). That judgment became final on December 23, 2022, potentially reopening the window until December 26, 2023. *See* Fed. R. App. P. 4(b)(1)(A)(i) and 26(a)(1)(C). But the defendant didn't file a 2255 motion for over two more years after that. *See* filing 72.

The statute of limitations set forth in § 2255 is not jurisdictional, *Moore v. United States*, 173 F.3d 1131, 1134-35 (8th Cir. 1999), and may be equitably

---

[1] The Court is permitted, but not required, to *sua sponte* consider the timeliness of a § 2255 petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006). The Court elects to do so here. Before dismissing a petition the Court must afford the parties fair notice and an opportunity to be heard. *Day*, 547 U.S. at 211. Here, the defendant had notice and opportunity, because the statute of limitations is explained on the Court's Form AO 243, and the defendant answered the question asking him to explain his untimely filing. *See* filing 72 at 11.

tolled where extraordinary circumstances beyond a prisoner's control prevent timely filing. *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005). But equitable tolling will only apply where the defendant has demonstrated diligence in pursuing the matter. *Id.* at 1095. He has not done so here.

The Eighth Circuit's decision in *Anjulo-Lopez* is squarely on point. In that case, like this one, the defendant alleged that he had instructed his attorney to file a direct appeal, but his attorney failed to do so. The defendant argued "that the limitations period should run from the date on which a duly diligent person in his circumstances would have discovered counsel's failure to notice an appeal," and that an evidentiary hearing was necessary to determine just how long that tolling would last. 541 F.3d at 817. But the Eighth Circuit rejected his argument, finding it "apparent that a duly diligent person in [the defendant]'s circumstances would have discovered counsel's failure to notice an appeal well over a year before he filed his motion." *Id.* at 818.

> There is every reason to believe that more prompt action on [the defendant]'s part would have revealed counsel's failure to notice an appeal more than one year before he filed his motion. That an appeal had not been filed was a matter of public record. And we think it clear from the face of the motion and record here that a duly diligent person in [the defendant]'s circumstances could have unearthed that information anytime after the deadline for filing the appeal passed.

*Id.* at 819. The circumstances in the instant case are even less compelling. The defendant in *Anjulo-Lopez* had at least contacted his attorney to ask about his appeal, about a year after sentencing. *See id.* at 818-19. The defendant in the instant case simply claims that he is "still waiting." Filing 72 at 11. Due

diligence certainly requires *something*, and the defendant doesn't seem to have done anything. The Court cannot find, well over three years since the original judgment and over two years since the amended judgment, that there is any basis for equitably tolling the statute of limitations in this case. *See id.*; *see also Murray v. United States*, 313 F. App'x 924 (8th Cir. 2009).

## CONCLUSION

The defendant's § 2255 motion is untimely, and will be summarily denied. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). When the Court denies a § 2255 motion on procedural grounds without reaching the defendant's underlying constitutional claim, a certificate of appealability should issue when the defendant shows, at least, that jurists of reason would find it debatable whether (1) the motion states a valid claim of the denial of a constitutional right and (2) the Court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *accord Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

Here, there is at least a colorable underlying constitutional claim that the defendant received ineffective assistance of counsel as a result of his trial counsel's alleged failure to appeal after having been instructed to do so. However, the Court sees no basis, given the relevant precedent, to conclude that the defendant's § 2255 motion was timely filed. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 72) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 6th day of January, 2026.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge